IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLENE WHITE                                                                                      PLAINTIFF

V.                                               NO. 13-5003

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for SSI on May 24, 2006, and a hearing was held on January 30, 2008. (Tr. 746-783). The ALJ issued an Unfavorable Decision on July 16, 2008, and on July 18, 2011, the undersigned remanded the claim to the Commissioner for further proceedings. White v. Astrue, Case No. 10-5111 (July 18, 2011)(Docs. 15, 16). Meanwhile, on September 8, 2009, Plaintiff had filed a new application for SSI (Tr. 880), and

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

-1-

in September of 2010, a hearing was held on the 2009 claim. On March 18, 2011, the ALJ issued an Unfavorable Decision, and on November 4, 2011, the Appeals Council consolidated the 2006 and 2009 applications, and remanded the claim to the ALJ. (Tr. 808-812). An administrative hearing was held on July 9, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 1837-1878). By written decision dated November 2, 2012, the ALJ found Plaintiff had the following severe impairments: right carpal tunnel syndrome, chronic right kidney disorder, major depression and anxiety disorder. (Tr. 790). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 790). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except that she cannot engage in constant flexion or extension of the right wrist. She must perform work limited to simple, routine and repetitive tasks, involving no more than incidental contact with coworkers, supervisors and the general public.

(Tr. 792-793). With the help of a vocational expert (VE), the ALJ determined that Plaintiff had no past relevant work, and that there were jobs Plaintiff could perform, such as conveyor line bakery worker, machine operator, and inserting machine operator. (Tr. 798-799). Plaintiff filed this action (Doc. 1), and it is before the undersigned pursuant to the consent of the parties. (Doc. 11). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 24, 25). The relevant time period in this case is from May 24, 2006 through November 2, 2012.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

AO72A
(Rev. 8/82)

substantial evidence on the record as a whole. Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III. Discussion:

In his decision, the ALJ found that Plaintiff had the RFC to perform light work "except that she cannot engage in constant flexion or extension of the right wrist." (Tr. 792). He further limited Plaintiff to unskilled work. He discounted Dr. Honghiran's opinion because it did not give adequate consideration to Plaintiff's pain, and gave Dr. Takach's opinion substantial weight because "it is consistent with the reports from Dr. Nunn and Dr. Honghiran." (Tr. 795).

What causes the Court concern is the fact that Dr. Ted Honghiran, an orthopedist, on February 6, 2012, examined Plaintiff and completed a Medical Source Statement wherein he concluded that Plaintiff could sit for four hours at one time, stand and walk for one hour at one time; sit for four hours total; and stand and walk for two hours each. (Tr. 1769). In addition, Dr. Gary P. Nunn, specializing in internal medicine, reported on February 21, 2012, that Plaintiff could sit for three hours at one time, stand for two hours at one time and walk for two hours at one time and could sit, stand, and walk for six hours total in an 8- hour workday. (Tr. 1760). The ALJ gave Dr. Honghiran's opinion greater weight than Dr. Magness' opinion because he saw

Plaintiff more recently and is an orthopedist. (Tr. 796). The ALJ reported that Dr. Nunn found that Plaintiff could sit, stand and walk for six hours during an eight-hour day and could walk without a cane, but said nothing about Dr. Nunn's opinion that Plaintiff could sit for three hours at one time, stand two hours at one time and walk two hours at one time, which would account for a 7 hour workday.

The ALJ then determined that Dr. Takach's October 13, 2009 opinion deserved substantial weight because it was consistent with the reports from Dr. Nunn and Dr. Honghiran. However, Dr. Takach's opinion is not consistent with the reports from Dr. Nunn and Dr. Honghiran, because Dr. Takach found that Plaintiff could perform light work and could "stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; push and/or pull unlimited, other than as shown for lift and/or carry." (Tr. 1172). He also found that Plaintiff could occasionally climb ramp/stairs, ladder/rope/scaffolds and balance; could frequently stoop, kneel, crouch, and crawl; and should avoid concentrated exposure to hazards (machinery, heights, etc.) (Tr. 1173-1175).

The Court believes this matter should be remanded to the ALJ in order for him to resolve the inconsistencies in the record among the various physicians regarding Plaintiff's ability to function in the workplace for an entire 8- hour workday, and to more carefully determine what weight he is giving to which physician's opinion, and present a proper hypothetical to the VE which incorporates the limitations the ALJ determined to be warranted by the record.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration

AO72A
(Rev. 8/82)

pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 23rd day of October, 2014.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)