IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLENE WHITE                                                                          PLAINTIFF

V.                              NO. 13-5003

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

**O R D E R**

Plaintiff, Charlene White, appealed the Commissioner's denial of benefits to this Court. On October 23, 2014, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27). Plaintiff now moves for an award of $5,890.30 in attorney's fees and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 31.05 attorney hours of work performed before the Court in 2012, 2013, and 2014, at an hourly rate of $180.00, and 3.70 paralegal hours of work performed before the Court in 2013 at an hourly rate of $75.00. Defendant has filed a response, stating that she does not object to an award of EAJA fees and expenses totaling $5,890.30.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. <u>Jackson v. Bowen</u>, 807 F.2d 127, 128 (8th Cir. 1986). Under <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

AO72A
(Rev. 8/82)

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $180.00 for 31.05 hours of attorney work, and an hourly rate of $75.00 for 3.70 hours of paralegal work, which he asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Although Plaintiff did not submit a copy of a CPI, Amended General Order 39 reveals that $180.00 is a reasonable hourly rate for the years 2012, 2013, and 2014.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel seeks reimbursement for .50 hours spent on January 22, 2013 for "Attorney review of In Forma Pauperis; motion to amend; order to Amend." Plaintiff filed the original Application to Proceed In Forma Pauperis on January 10, 2013, utilizing the incorrect form, with incomplete information, and the undersigned therefore entered an Order directing

---

[1] Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI-South index supports an award based upon an hourly rate of $152.00. See Johnson, 919 F.2d at 505. Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI -South) = $182.99/hour-$183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI -South) = $186.25 hour-$186.00

Plaintiff to file a new application on the correct form. (Doc. 6). The Court does not believe it is appropriate to reimburse counsel for time spent because he failed to have his client complete an accurate and complete application. Accordingly, the Court will deduct .50 attorney hours.

Plaintiff's counsel seeks reimbursement for the following:

3/10/13        Attorney file review for signed service of process        .30

This task is clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). The Court therefore will deduct .30 hours from the attorney hours.

Plaintiff's counsel also seeks reimbursement for the following:

3/11/13        Paralegal prepare Affidavit of Service        1.50

This time cannot be compensated under the EAJA as it is also found to be clerical work. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, the Court deducts 1.50 paralegal hours from the total number of compensable paralegal hours sought.

Plaintiff's counsel seeks a total of 1.5 hours on various dates for "Attorney phone

conference with client." However, Plaintiff's counsel has failed to provide any summary of the nature of the conversations. In this case, the Court will allow this time, with the admonition that such time will be deducted in the future if Plaintiff's counsel does not provide a summary of the conversations.

Plaintiff's counsel seeks 2.00 hours for "Attorney preparation of EAJA Motion Brief, and Exhibits." The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court will therefore deduct 1.00 hour of attorney work.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 29.30 attorney hours in 2012, 2013, and 2014 (31.05 hours less 1.75 hours) at an hourly rate of $180.00, and for 2.2 paralegal hours in 2013 (3.70 hours less 1.50 hours) at an hourly rate of $75.00, for a **total attorney's fee award of $5,439.00, plus $23.80 in expenses**.  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

DATED this 5th day of March, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE